```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TRAVELERS CASUALTY AND SURETY COMPANY,   :        15cv4212 (DLC)
                                         :
                     Plaintiff,          :            ORDER
            -v-                          :
                                         :
JEFFREY AVO UVEZIAN,                     :
                                         :
                     Defendant.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

This action was filed on June 1, 2015, asserting jurisdiction on the basis of 28 U.S.C. § 1352, which grants federal district courts jurisdiction over "any action on a bond executed under any law of the United States."  The Second Circuit has held that an action to enforce an indemnification agreement associated with a bond is "not an action 'on a bond' executed under the laws of the United States within the meaning of the statute."  Rader v. Manufacturers Cas. Ins. Co. of Philadelphia, 242 F.2d 419, 427 (2d Cir. 1957); see also Am. Cas. Co. of Reading, PA v. Heartland By-Prod., Inc., No. 02cv4701 (PKL), 2003 WL 740866, at *1 (S.D.N.Y. Mar. 4, 2003) (applying Rader to a customs bond).

The complaint did not expressly plead diversity jurisdiction, but it alleged that (1) plaintiff is incorporated in Connecticut and (2) defendant is domiciled in New York.  The complaint also asserted that plaintiff "maintains corporate

offices" in New York.  The complaint did not directly address where plaintiff has its principal place of business.

A Stipulation and Order of Settlement was entered in this case on February 17, 2016.  On February 25, 2020, plaintiff's counsel filed an affidavit seeking a judgment to enforce the settlement.  An Order of April 22 set a deadline for the parties to submit letters addressing subject matter jurisdiction.  On May 7, the parties filed a letter informing the Court that they had reached a settlement.  A May 8 Order therefore discontinued the action, without prejudice to restoring the action to the Court's calendar if an application was made by June 9.  On June 2, plaintiff filed a letter indicating that the parties ultimately failed to consummate a settlement agreement and requesting that the matter be placed back on the calendar.  An Order of June 3 accordingly reopened the action.

On June 10, the parties submitted their letters addressing whether the Court has subject matter jurisdiction.  Plaintiff has abandoned its argument that jurisdiction is proper under 28 U.S.C. § 1352 and instead asserts that there is diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff's letter asserts that it is incorporated in Connecticut and maintains its principal place of business in Hartford, Connecticut.  Defendant argues that diversity jurisdiction is not available because it was not pleaded in the original complaint and because plaintiff

2

has not filed competent proof of its principal place of business.

"[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009) (citation omitted). But "the actual existence of diversity jurisdiction, ab initio, does not depend on the complaint's compliance with these procedural requirements." Id. (citation omitted). Accordingly, where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may allow a complaint to be amended to assert those necessary facts." Id. (citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Cooke v. United States, 918 F.3d 77, 80 (2d Cir. 2019) (citation omitted). Where evidence is necessary to address a jurisdictional issue, that evidence "may be presented by affidavit or otherwise." Broidy Capital Mgmt. LLC v. Benomar, 944 F.3d 436, 441 (2d Cir. 2019) (citation omitted).

Plaintiff will seemingly be able to establish diversity jurisdiction. Under the legal standard just recited, its failure to plead diversity jurisdiction in the original

complaint does not require dismissal of this action. But the assertions of plaintiff's counsel in a letter are insufficient to carry plaintiff's burden to establish jurisdiction. Accordingly, it is hereby

ORDERED that plaintiff shall submit a declaration or affidavit as to its citizenship by **June 17, 2020**.

IT IS FURTHER ORDERED that a telephone conference is scheduled for **June 19, 2020** at **10:00 a.m.** A schedule for further proceedings will be established during this conference. The parties shall use the following dial-in credentials for the telephone conference:

    Dial-in:    888-363-4749

    Access code:    4324948

Dated:    New York, New York
           June 11, 2020

_____
DENISE COTE
United States District Judge